1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                     NORTHERN DISTRICT OF CALIFORNIA
10                            SAN JOSE DIVISION

11  UNITED STATES OF AMERICA,        )   CASE NO.  **CR 23-00118-BLF**
                                     )
12         Plaintiff,                )   VIOLATIONS:
                                     )   18 U.S.C. § 371 – Conspiracy;
13      v.                           )   18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) -
                                     )   Forfeiture
14  RICHARD SZE,                     )
                                     )   SAN JOSE VENUE
15         Defendant.                )
                                     )
16                                   )
                                     )
17

18

19                              I N F O R M A T I O N

20  The United States Attorney charges:

21                            Introductory Allegations

22      At all times relevant to this Information:

23      1.   The defendant, RICHARD SZE, resided in Saratoga, California, in the Northern District

24  of California.

25      2.   The entity identified in this information as "Company-1" was a global leader in industrial

26  automation and digital transformation, which included hardware and software productions, solutions,

27  and services.  Company-1's principal executive office was located in Milwaukee, Wisconsin.  Company-

28  1 has a large office in San Jose.

INFORMATION

3. SZE worked for Company-1 at the San Jose office from 2005 to 2019. During all of this period, SZE reported to Kevin Chao. In addition to working with Chao, SZE knew and worked with Suryanarayana Murthy Bobba.

4. During their employment with Company-1, SZE, Chao, and Bobba owed a duty of loyalty to Company-1. For example, they all reviewed and agreed to be bound by Company-1's policy, which noted that employees "owe a duty of loyalty to the Company which requires that they retain their independence of judgment and avoid circumstances where their personal interest, direct or indirect, may conflict with those of the Company or where their influence in the Company may be used for personal gain to the Company's disadvantage." They also received periodic training on their duty of loyalty and signed statements acknowledging their understanding of Company-1's policy and their agreement to be bound by it.

## The Conspiracy and Its Objects

5. Between in or about 2010 and continuing until in or about December 2019, SZE knowingly conspired with Chao, Bobba, and others (collectively, the "Target Subjects") to defraud Company-1 by lying about and failing to disclose their control of and financial relationships with certain vendors that provided software development services for Company-1. The scheme involved the Target Subjects working with or, in some cases, controlling outside vendors who provided services to Company-1. The Target Subjects made knowing false material misrepresentations and failed to disclose their control of the entities and their financial relationships with the entities despite a duty to do so and then received money from the vendors. Over the course of the conspiracy, Company-1 hired vendors based on the Target Subjects' lies and omissions and the Target Subjects pocketed millions of dollars.

6. The Target Subjects conspired and agreed to commit offenses against the United States. Specifically, they devised a scheme and artifice to defraud as to a material matter and to obtain money by means of materially false and fraudulent pretenses, representations, promises, and omissions, and to deprive Company-1 of its intangible right to honest services, and for the purpose of executing the scheme and artifice, to knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures or sounds, in violation of Title 18, United States Code, Sections 1343 and 1346.

INFORMATION                                                        2

The Manner and Means of the Conspiracy

      a)    *Zillsoft*

7.    In approximately mid-2010, the Target Subjects discussed creating or obtaining an entity that provided software engineering services and having Company-1 hire that entity. The Target Subjects knew, however, that involvement with such an entity would violate their duties to Company-1. To hide their affiliation with the outside vendor, the Target Subjects acquired an existing entity, Zillsoft, Inc. ("Zillsoft"), that at the time was a corporate shell. The Target Subjects kept the prior owner of Zillsoft on all public corporate paperwork to conceal their affiliation with the company.

8.    Zillsoft entered into a vendor contract with Company-1 to provide software consulting services. Unbeknownst to Company-1, the Target Subjects controlled Zillsoft. Company-1 received and paid Zillsoft's invoices, and the Target Subjects split Zillsoft's profit. Thirty percent of the profit went to SZE, thirty percent went to Bobba, and forty percent went to Chao. These profits were funneled from Zillsoft's bank account to a bank account controlled by Bobba, and then to accounts controlled by SZE and Chao in amounts corresponding to their respective shares of the profit.

9.    In order to conceal their affiliation with Zillsoft, SZE, Chao, and Bobba made affirmative misstatements and caused others to make affirmative misstatements to make it appear that Zillsoft was a genuine third-party vendor with no improper financial dealings with Company-1 employees. These misstatements gave Zillsoft increased legitimacy as a vendor within Company-1. At no time did SZE, Chao, or Bobba disclose their control of or financial relationship with Zillsoft to Company-1 despite knowing that they had the duty to disclose, nor did they disclose that they were obtaining money and property from Company-1 through materially false and misleading statements made regarding Zillsoft.

      b)    *Company-2*

10.    Towards the end of 2011, Bobba engineered the sale of Zillsoft to Company-2. Company-2 agreed to pay the Target Subjects a percentage of net receipts paid by Company-1 in exchange for the Target Subjects funneling Company-1's software projects to Company-2. Approximately 20 percent of the overall amount paid by Company-1 to Company-2 was funneled to bank accounts controlled by the Target Subjects.

11.    In order to conceal their affiliation with Company-2, SZE, Chao, and Bobba made

INFORMATION                                      3

affirmative misstatements and caused others to make affirmative misstatements to make it appear that Company-2 was a genuine third-party vendor with no improper financial dealings with Company-1 employees. These misstatements gave Company-2 increased legitimacy as a vendor within Company-1. At no time did SZE, Chao, or Bobba, disclose their financial relationship with Company-2 to Company-1 despite knowing that they had the duty to disclose, nor did they disclose that they were obtaining money and property from Company-1 through the false and misleading statements that they made regarding Company-2.

        c) *SPSoft*

12. In approximately 2015, SZE and Chao expanded their fraudulent scheme by partnering with an individual ("Reference-1") who was the majority owner of SPSoft. SPSoft became an authorized vendor to Company-1. A portion of the money paid by Company-1 to SPSoft was funneled into a bank account controlled by SZE and Chao. Funds were then transferred from that bank account to personal bank accounts controlled by SZE and Chao.

13. In order to conceal their affiliation with SPSoft, SZE and Chao made affirmative misstatements and caused others to make affirmative misstatements to make it appear that SPSoft was affiliated with Company-2. These misstatements gave SPSoft increased legitimacy as a vendor within Company-1. Neither SZE nor Chao disclosed their control of or financial relationship with SPSoft despite knowing that they had the duty to disclose, nor did they disclose that they were obtaining money and property from Company-1 through the false and misleading statements that they made regarding SPSoft.

Overt Acts and Use of Interstate Wires

14. In furtherance of the conspiracy and to affect the objects thereof, in the Northern District of California and elsewhere, SZE, and others committed the following overt acts:

    a) On or about December 20, 2018, SZE caused to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds. Specifically, SZE deposited a check written by Chao from a Wells Fargo Bank account ending in -7097 in the amount of $200,000 into SZE's personal bank account at Bank of America ending in -1314. The money transferred consisted of illegal proceeds derived from the

conspiracy.

COUNT ONE: (18 U.S.C. § 371 – Conspiracy)

15. Paragraphs 1 through 14 this Information are re-alleged and incorporated as if fully set forth here.

16. Between in or about 2010 until in or about December 2019, in the Northern District of California and elsewhere, the defendant,

RICHARD SZE,

did knowingly and willfully conspire and agree with Target Subjects Kevin Chao and Suryanarayana Murthy Bobba, and others known and unknown to the United States Attorney, to commit offenses against the United States, specifically, to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by means of concealment of material facts, and to deprive Company-1 of its intangible right to honest services, and in executing said scheme caused writings, signs, signals, and sounds to be transmitted by means of wire in interstate commerce, in violation of Title 18, United States Code, Sections 1343 and 1346.

All in violation of Title 18, United States Code, Section 371.

FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The allegations contained in this Information are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction for any the offense set forth in this Information, the defendant,

RICHARD SZE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations, including, but not limited to the following:

INFORMATION                                              5

|   |   |   |
|---|---|---|
| 1 | a. | $29,981.82, in an account at Wells Fargo, bearing an account number ending in -7097, held in the name MOOTEEC LLC, previously seized pursuant to a warrant dated October 27, 2021; and |
| 4 | b. | $38,000 deposited with the U.S. Marshals Service on or about July 11, 2022 as a substitute asset for a previously seized 2019 BMW X3, bearing a Vehicle Identification Number ending in -9273 with a license plate number ending in -951. |

If any of the property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: April 21, 2023                          Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

  /s
LLOYD FARNHAM
CHRIS KALTSAS
SAILAJA M. PAIDIPATY
Assistant United States Attorneys

INFORMATION                          6

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

## OFFENSE CHARGED

18 U.S.C. § 371 – Conspiracy
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) - Forfeiture

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Maximum term of imprisonment: 5 years
Maximum term of supervised release: 3 years
Maximum fine: $250,000
Mandatory Special Assessment: $100
Restitution, Forfeiture

### DEFENDANT - U.S

**RICHARD SZE**

DISTRICT COURT NUMBER

**CR 23-00118-BLF**

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
**FBI (SA Francesca Cheli)**

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.
**21-mj-71680**

Name and Office of Person Furnishing Information on this form
**ISMAIL J. RAMSEY**
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)
**CHRIS KALTSAS**

### DEFENDANT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

**DATE OF ARREST** ► Month/Day/Year

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ► Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments: